*W. B. Lymer* for the motion.

*J. W. Cathcart* contra.

---

### TERRITORY *v.* T. HIROTA.

### No. 1300.

EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT.

HON. J. J. BANKS, JUDGE.

ARGUED FEBRUARY 25, 1921.      DECIDED MARCH 4, 1921.

COKE, C. J., KEMP AND EDINGS, JJ.

CRIMINAL LAW—*taking fish with nets.*

There is no statutory inhibition against the use of a twine net, seine or trap to take fish in the waters of Hawaii provided the mesh or opening of the net be not less than one inch square. Food fish may not, however, be taken by means of any wire fence, wire net or wire obstruction.

OPINION OF THE COURT BY COKE, C. J.

The defendant-appellant, T. Hirota, was tried and convicted in the circuit court of the first judicial circuit for an alleged violation of the provisions of section 628 R. L. 1915 as amended by Act 84 S. L. 1919 and comes to this court on a bill of exceptions. The statute under which the defendant was prosecuted reads as follows:

"No person shall take, catch or kill any fish fit for food living in the waters of any sea, harbor, bay, inlet, or stream within the jurisdiction of the Territory of Hawaii, by means of any net, seine, trap or other contrivance of whatsoever kind or description having a smaller mesh or opening than two inches stretched or one inch square, or by means of any wire fence, wire net, or wire obstruction of any size, material, or description whatsoever." (Act 84 S. L. 1919.)

The facts are very simple and are not in dispute, and while a number of exceptions are brought here by defendant alleging error in the proceedings in the court below there is really but one question involved, that is to say, Did the defendant by means of a wire fence, wire net or wire obstruction take the fish described in the charge against him.

From the record before us it appears that the defendant constructed and operated a fish trap in the waters of the sea between the shore and reef at Makua, district of Waianae, Island of Oahu, in which he trapped and took various food fishes, principally ulua, opelu, awa, kala and oio. The trap consisted of a net extending from the shore and at right angles therewith for a distance of about 900 feet which was suspended from a small wire cable and at the outer end of which was a box-shaped net enclosure with an opening at the point of contact with the net. The net and box were constructed of cotton twine of two inch mesh. The box was about 180 feet in length by 100 feet in breadth. There were three wires attached to and stretched across the main cable and four of such cables

were attached to and stretched across the box. These cables were anchored at each end and were for the purpose of holding the net in place. The cables and top of the net and box were kept at the surface of the water by wooden floats while the lower edges of the netting were held to the bottom of the sea by the means of lead sinkers. The water at this point was of the approximate depth of ten feet. The fish in passing parallel to the shore would come in contact with the net and in following along this course would be led into the box. Aside from the cable extending from the shore and the cross cables above referred to no other wire of any description was utilized in the means employed by the defendant to take the fish and unless it can be held that these wires constituted a wire fence, a wire net or a wire obstruction the defendant is guilty of no violation of the statute in question.

The wire cables stretched from the shore along the surface of the water and the cross cables were used solely to hold the net and trap stationary. It was the cotton twine net suspended from the cable and not the cable itself which formed the obstruction and by means of which the fish were caused to pass into the trap. There is no statutory inhibition against the use of a twine net, seine or trap to take fish provided the mesh or opening thereof be not less than one inch square, and the mesh of the net used by the defendant exceeded that dimension.

We conclude therefore that the verdict of the jury herein was contrary to the law and the evidence and that defendant's exception thereto should be sustained.

The verdict and sentence herein are vacated and set aside and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

*H. E. Stafford*, Third Deputy City and County Attorney (*W. H. Heen*, City and County Attorney, with him on the brief) for the Territory.

*P. L. Weaver* for defendant.